UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERTO DIAZ,

        Plaintiff,

    -against-

ELLEN BIBEN, Justice of the Supreme Court of the State of New York, Criminal Term, Part 43,

        Defendant.

1:20-CV-4357 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated in the Green Haven Correctional Facility, brings this action *pro se*. He has not filed an *in forma pauperis* ("IFP") application or a prisoner authorization, and he has not paid the relevant fees to bring this action. The Court therefore understands that Plaintiff seeks to proceed IFP in this action. Plaintiff is barred, however, under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a prisoner. *See Diaz v. Visitacion-Lewis*, No. 03-CV-1102 (S.D.N.Y. May 12, 2003), *aff'd*, 93 F. App'x 313, 314 (2d Cir. 2004) (summary order) ("[T]he district court also properly concluded that the 'three strikes' provision of the PLRA should be imposed, barring him from bringing any future action" IFP.).

  The "three-strikes" provision of the PLRA provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's complaint does not show that he was under imminent danger of serious physical injury at the time that he filed his complaint.[1] Instead, Plaintiff asserts claims of violations of his constitutional rights and of criminal law against the judge who appears to have presided over his state-court criminal action. His claims appear to arise from the judge's acts or rulings during that criminal action. Plaintiff is therefore barred from proceeding with this action IFP.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff IFP status, and dismisses this action without prejudice, under the PLRA's "three-strikes" provision. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.*

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 22, 2020
         New York, New York

                                                      _____
                                                             COLLEEN McMAHON
                                                        Chief United States District Judge