UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERTO DIAZ,

                         Plaintiff,

                  -against-

ELLEN BIBEN, Justice of the Supreme Court of
the State of New York, Criminal Term, Part 43,

                       Defendant.

1:20-CV-4357 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

By order and judgment dated June 22, 2020, and entered the next day, the Court dismissed this *pro se* action without prejudice because Plaintiff is barred, under 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis* as a prisoner. On July 22, 2020, the Court received from Plaintiff, who is incarcerated, a "Petition for a Writ of Error to the United States District Court for the Southern District of New York." (ECF 4.) It appears that Plaintiff placed that submission in his prison's mail system for its delivery to the Court on July 14, 2020. On July 24, 2020, the Court received from Plaintiff a "Request [for] a Certificate of Division of O[p]inion." (ECF 5.) And it appears that he placed that submission in his prison's mail system for its delivery to the Court on July 17, 2020. The Court construes those submissions as motions under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, and under Local Civil Rule 6.3, for relief from the Court's June 22, 2020 order and judgment. For the reasons discussed below, the Court denies those motions.

## DISCUSSION

**A.**    **Rule 59(e) & Local Civil Rule 6.3**

The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*,

640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

Plaintiff has not demonstrated that the Court has overlooked controlling decisions or factual matters that would cause the Court to vacate its June 22, 2020 order and judgment. The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

**B.    Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Even under a liberal interpretation of his motions, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. Accordingly, to the extent that Plaintiff seeks relief under Rule 60(b)(1) through (5), the Court denies that relief.

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's submissions received by the Court on July 22, 2020, and July 24, 2020, as motions brought under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, and under Local Civil Rule 6.3, seeking relief from the Court's June 22, 2020 order and judgment. The Court denies those motions. (ECF 4 & 5.) The Clerk of Court is further directed to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge